# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| JOSHUA COLE FOR DELEGATE,<br><br>        Plaintiff,<br><br>        v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS; JAMES B. ALCORN, in his capacity as Chairman of the Virginia State Board of Elections; DR. CLARA BELLE WHEELER, in her capacity as Vice-Chair of the Virginia State Board of Elections; SINGLETON B. MCALLISTER, in her capacity as Secretary of the Virginia State Board of Elections; the VIRGINIA DEPARTMENT OF ELECTIONS; EDGARDO CORTÉS, in his capacity as Commissioner of the Virginia Department of Elections; STAFFORD COUNTY ELECTORAL BOARD; DOUG FILLER, in his capacity as Chair of the Stafford County Electoral Board; MARIE GOZZI, in her capacity as Vice Chair of the Stafford County Electoral Board; GLORIA CHITTUM, in her capacity as Secretary of the Stafford County Electoral Board; and GREG RIDDLEMOSER, in his capacity as Stafford County Registrar,<br><br>        Defendants. | Civil Action No. _____ |

## COMPLAINT

1.    At 10 a.m. on Wednesday, November 8, 2017—the day after Election Day—the registrar for Stafford County received 55 absentee ballots. As the registrar explained in an email later that day, "[t]here is no possible way … that these ballots should not have been available to [the registrar] on Election Day before close-of-polls." Those ballots, in other words, should have

COMPLAINT - 1

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654.6200
Fax: 202.654.6211

been in the physical custody of the registrar prior to the closing of the polls, and they should have been counted.

2. But they were not. Instead, due to an apparent error by the U.S. Postal Service, the registrar did not take physical custody of the ballots until the day after Election Day, and neither he nor the Stafford County Electoral Board (the "County Board") has counted those 55 absentee ballots.

3. Plaintiffs have filed this action to seek an emergency order requiring that those ballots be counted and included in the final certified results for the 2017 general election.

4. Because the right to vote is fundamental and the voters whose ballots are at issue appear to have done everything they were supposed to do, an order requiring that the ballots be counted would be appropriate in any election. Such an order is particularly important here, however, because the ballots were cast by voters in Virginia's 28th House of Delegates District ("HD 28"), the election for which is currently separated by a margin of less than 100 votes. Not counting the ballots at issue could therefore result in an outcome that does not reflect the will of the voters who cast lawful votes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1357, and 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue in this district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and in this division.

COMPLAINT - 2

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

## PARTIES

7. Plaintiff Joshua Cole for Delegate (the "Cole Campaign") is the campaign committee for the candidacy of Joshua Cole to represent HD 28 in the Virginia House of Delegates.

8. Defendant Virginia State Board of Elections (the "SBE") is responsible for the regulation of Virginia elections. The SBE's duties include certifying the results of the election for HD 28's seat in the House of Delegates, among other elections.

9. Defendants James B. Alcorn, Dr. Clara Belle Wheeler, and Singleton B. McAllister are sued in their respective official capacities as Chairman, Vice-Chair, and Secretary of the SBE.

10. Defendant Virginia Department of Elections is the agency responsible for promoting and supporting accurate, fair, open, and secure elections for the citizens of the Commonwealth. It is charged with implementing election laws and regulations for all elections in the Commonwealth.

11. Defendant Edgardo Cortés is sued in his official capacity as Commissioner of the Virginia Department of Elections.

12. Defendant Stafford County Electoral Board is responsible for administering elections in Stafford County and canvassing ballots cast in that county, including ballots cast for the election for HD 28's seat in the Virginia House of Delegates.

13. Defendants Doug Filler, Marie Gozzi, and Gloria Chittum are sued in their respective official capacities as Chair, Vice Chair, and Secretary of the County Board.

14. Defendant Greg Riddlemoser is sued in his official capacity as Stafford County Registrar.

COMPLAINT - 3

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

## FACTUAL ALLEGATIONS

15. The 2017 general election for the Commonwealth of Virginia was held on Tuesday, November 7, 2017 ("Election Day"). That election included races for all 100 seats in the Virginia House of Delegates.

16. HD 28 is located in Stafford County and Fredericksburg. In 2017, the candidates to represent that district are Joshua Cole, a Democrat, and Robert Thomas, Jr., a Republican.

17. The initial, unofficial vote count in that race resulted in an 83-vote lead for Thomas.

18. On Election Day, between 3:30 p.m. and the close of the polls at 7:00 p.m., Registrar Riddlemoser received only one absentee ballot. At 10:00 a.m. the next morning, however, Riddlemoser received 55 additional absentee ballots.

19. As Riddlemoser explained in an email on Wednesday, November 8, 2017, "[t]here is no possible way … that these ballots should not have been available to [the registrar] on Election Day before close-of-polls."

20. Nevertheless, Registrar Riddlemoser, relying on a rule stating that "[a]bsentee ballots shall be returned to the general registrar before the closing of the polls," Va. Code § 24.2-709, did not count those 55 absentee ballots.

21. On November 13, 2017, the County Board met, but it adjourned without voting on whether to count the 55 absentee ballots.

22. On the date of this filing—November 14, 2017—the County Board met again and, in a divided vote, voted not to count the 55 absentee ballots at issue. These votes will not be included in the certified results.

COMPLAINT - 4

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

23.     If the 55 absentee ballots are not counted, the voters who cast those ballots will be disenfranchised for the 2017 general election. That will be the case even though these voters did everything they were supposed to do in order to have their ballots counted.

24.     In addition, given that the margin in the election for HD 28 is currently only 82 votes and that the margin will almost certainly change due to the curing of provisional ballots and the correction of human errors, counting the 55 absentee ballots at issue could swing the results of the election for HD 28.

25.     Counting the 55 absentee ballots at issue would be minimally burdensome for Defendants. They or their designees would simply need to take the time necessary to review those ballots and add the results from those ballots to the tallies for the pertinent elections.

26.     Both HD 28 candidates have stated that they want the 55 absentee ballots to be counted. The Cole Campaign has filed this action to seek an order that the ballots be counted. And, according to a recent news article, Thomas "said he'd love to see them counted." He added, "'We obviously feel like if they're 55 truly military ballots, they would probably break in our favor.'"

## CAUSE OF ACTION

## COUNT I

**(Denial of the Right to Vote and Undue Burden on the Right of Association)**

27.     Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint as though fully set forth herein.

28.     "It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554

COMPLAINT - 5

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

(1964) (internal citation omitted). That right "can neither be denied outright, nor destroyed by alteration of ballots, nor diluted by ballot-box stuffing." *Id.* (internal citations omitted).

29. Under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, a court considering a challenge to an official act relating to voting must carefully balance the character and magnitude of the injury to First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against the justifications put forward by the State for the burdens imposed by the rule. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). "However slight th[e] burden may appear, . . . it must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation." *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191 (2008) (Stevens, J., controlling opinion) (internal quotation marks omitted).

30. Here, the failure to count the 55 absentee ballots at issue imposes a severe burden on the voters who cast those ballots: disenfranchisement. In addition, the refusal to count these ballots burdens the associational interests of the voters who voted for Joshua Cole and of the Cole Campaign by denying them the opportunity to associate with each other through the votes cast by those voters.

31. As noted above, counting the 55 absentee ballots at issue would impose only a minimal burden on Defendants—and a burden that is part and parcel of election administration. Further, because the ballots at issue should have been received by the registrar prior to the closing of the polls and should have been counted in the ordinary course, counting the ballots at issue will not set a precedent that will require Defendants to change their ballot-counting procedures in the future or otherwise affect Virginia law relating to the counting of absentee ballots.

Perkins Coie LLP
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

32.     The burden that not counting the ballots at issue would impose on First and Fourteenth Amendment interests thus far exceeds Defendants' interests, or any other state interest, in not counting those ballots.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A.      Declare that, under the First and Fourteenth Amendments to the United States Constitution, Defendants must count the 55 absentee ballots at issue and include the results from those ballots in the certified results for the 2017 general election;

B.      Issue an injunction ordering Defendants to count the 55 absentee ballots at issue and include the results from those ballots in the certified results for the 2017 general election; and

C.      Grant such other or further relief the Court deems to be appropriate, including but not limited to an award of Plaintiffs' attorneys' fees and reasonable costs.

COMPLAINT - 7

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202.654-6211

Dated:  November 14, 2017

Respectfully submitted,

By     *Amanda R. Callais*       
    Marc Erik Elias (*pro hac vice* to be filed)
    Bruce V. Spiva (*pro hac vice* to be filed)
    Amanda R. Callais (VSB No. 85891)
    Perkins Coie, LLP
    700 13th St. N.W., Suite 600
    Washington, D.C.  20005-3960
    Phone:  (202) 434-1627
    Fax:  (202) 654-9106
    Email: MElias@perkinscoie.com
    Email: BSpiva@perkinscoie.com
    Email: ACallais@perkinscoie.com


*Attorneys for Plaintiff*

COMPLAINT - 8

**Perkins Coie LLP**
700 Thirteenth St. NW, Suite 600
Washington, DC 20005-3960
Phone: 202.654-6200
Fax: 202-654-6211

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2017, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

Date:  November 14, 2017

*Amanda R. Callais*
Amanda R. Callais