**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| JOSHUA COLE FOR DELEGATE,<br><br>        Plaintiff,<br><br>    v.<br><br>VIRGINIA STATE BOARD OF ELECTIONS, *et al.*,<br><br>        Defendants. | Civil Action No. _____ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S EMERGENCY MOTION FOR AN INJUNCTION ORDERING
<u>DEFENDANTS TO COUNT 55 ABSENTEE BALLOTS</u>**

## INTRODUCTION

The November 7, 2017 election for Virginia's 28th House of Delegates District ("HD 28") has not yet been resolved. As of the date of this filing, the margin between the candidates in that race is a mere 82 votes, and that margin will likely change when cured provisional ballots are counted and human errors are corrected.

This case concerns 55 absentee ballots that should be, but so far have not been, counted in that race. The voters who cast these ballots did everything they were required to do in order to have their votes counted. Yet, due to an apparent error by the U.S. Postal Service, those ballots were not delivered to Stafford County Registrar Greg Riddlemoser until 10 a.m. on the day after Election Day and they have not been counted.

For the reasons set forth below, Plaintiff Joshua Cole for Delegate (the "Cole Campaign") moves this Court to order Defendants to count those 55 absentee ballots (and/or not to certify the results of the election until those ballots are counted and included in the results). Further, because the Virginia State Board of Elections (the "SBE") is scheduled to meet to certify the results of the election on Monday, November 20, *see* Va. Code Ann. § 24.2-679, the Cole Campaign respectfully requests that the Court hold a hearing on this motion no later than Friday, November 17, 2017, and that the Court rule on this emergency motion before Monday, November 20, 2017.

## FACTS

Under Virginia law, "[a]bsentee ballots shall be returned to the general registrar before the closing of the polls," and "[a]ny ballot returned to the office of the general registrar in any manner except as prescribed by law shall be void." Va. Code § 24.2-709(A). Thus, while

1

absentee ballots received before the closing of the polls on Election Day are typically counted, ballots received after the polls close generally are not.

At 10 a.m. on November 8, 2017—the day after Virginia's recent general election—the Stafford County Registrar received 55 absentee ballots from voters in HD 28. As the registrar explained in an email later that day (attached as Exhibit A), "[t]here is no possible way … that these ballots should not have been available to [the registrar] on Election Day before close-of-polls." Those ballots, in other words, should have been counted and, but for an apparent error by the post office, would have been.[1]

*Both* HD 28 candidates have stated that they want these 55 ballots to be counted. The Cole Campaign is the plaintiff in this case and, through this motion, is requesting that the ballots be counted. And, according to a recent news article (attached as Exhibit C), the Republican candidate, Robert Thomas, Jr., "said he'd love to see them counted." He added, "'We obviously feel like if they're 55 truly military ballots, they would probably break in our favor.'"

On November 13, 2017, the Stafford County Electoral Board ("County Board") met, but it adjourned without voting on whether to count the 55 absentee ballots. Today, November 14, 2017, the County Board met again and, in a divided vote, voted not to count the 55 absentee ballots at issue. These votes will not be included in the certified results. Thus, absent relief from this Court, 55 voters who did everything they were supposed to do will be disenfranchised for the 2017 general election.

## ARGUMENT

The United States Constitution's protection of the fundamental right to vote, as well as the associational rights of the Cole Campaign and the individuals who voted for Joshua Cole,

---

[1] A photograph of the ballots is attached as Exhibit B.

2

mandate that the ballots at issue be counted. "It has been repeatedly recognized that all qualified voters have a constitutionally protected right to vote and to have their votes counted." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964) (internal citation omitted). That right "can neither be denied outright, nor destroyed by alteration of ballots, nor diluted by ballot-box stuffing." *Id.* (internal citations omitted).

Under the First Amendment and the Equal Protection Clause of the Fourteenth Amendment, a court considering a challenge to an official act relating to voting must carefully balance the character and magnitude of the injury to First and Fourteenth Amendment rights that the plaintiff seeks to vindicate against the justifications put forward by the State for the burdens imposed by the rule. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992); *Anderson v. Celebrezze*, 460 U.S. 780, 789 (1983). "However slight th[e] burden may appear, . . . it must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation." *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 191 (2008) (Stevens, J., controlling opinion) (internal quotation marks omitted).

Here, the refusal to count the 55 ballots at issue imposes a severe burden on the right to vote of the individuals who cast those ballots: disenfranchisement. *Cf. Frank v. Walker*, 819 F.3d 384, 386 (7th Cir. 2016) ("[P]laintiffs contend that high hurdles for some persons eligible to vote entitle those particular persons to relief. Plaintiffs' approach is potentially sound if even a single person eligible to vote is unable to get acceptable photo ID with reasonable effort. The right to vote is personal and is not defeated by the fact that 99% of other people can secure the necessary credentials easily."). It also burdens the First Amendment rights of the Cole Campaign by denying it the opportunity to associate with some of Joshua Cole's supporters, and it burdens the

First Amendment rights of the voters who cast the 55 ballots at issue by denying them the opportunity to associate with the candidates of their choice.

These severe burdens dramatically outweigh the interests of Defendants and Virginia in refusing to count the 55 absentee ballots. The physical process of counting 55 ballots plainly is not meaningfully burdensome—and counting ballots is a fundamental part of the work that election officials do. Nor is there any state interest here in ensuring compliance with state law. As noted above, the ballots at issue should have been received by the Stafford County Registrar prior to the closing of the polls and should have been counted in the ordinary course. The voters whose ballots are at issue did everything they were supposed to do. Counting their ballots therefore will not set a precedent that will require Defendants to change their ballot-counting procedures in the future or otherwise affect Virginia law relating to the counting of absentee ballots. It will simply prevent voters from being disenfranchised due to an apparent error by the United States Postal Service.

Section B of Virginia Code § 24.2-709 indicates that counting the ballots at issue would be consistent with Virginia's public policy. That section allows for the counting of certain absentee ballots received after the close of the polls if the absentee ballots were "requested on or before but not sent by the deadline for making absentee ballots available under § 24.2-612." *See also United States v. Cunningham*, No. 3:08cv709, 2009 WL 3350028, at *1-2, 9 (E.D. Va. Oct. 15, 2009) (ordering counting of ballots received after the closing of the polls where Virginia waited until fewer than 30 days before the election to mail requested absentee ballots to military and overseas voters). Thus, where Virginia law has directly addressed the issue, it allows for the counting of absentee ballots that are received after the closing of the polls through no fault of the voters. Virginia's public policy would not be undermined by counting the ballots at issue.

Notably, courts from other jurisdictions have found that, where delivery of absentee ballots was delayed through circumstances outside of voters' control, those voters' ballots should be counted. *See In re Holmes*, 346 N.J. Super. 372, 378 (2010) ("[A] rigid application of the rule that all ballots be received by the board by 8:00 P.M. of Election Day would unfairly deprive absentee voters of their franchise as a result of exceptional circumstances neither within their control nor which, in light of human experience, might reasonably be expected."); *Stamos v. Genesee Cnty. Bd. of Canvassers*, 46 Mich. App. 636, 645-46 (1973) ("The sole irregularity in the instant case is the failure of the field supervisor to reach the precincts before 8:00 p.m. for reasons which could not be foreseen. … We do not believe that the miscalculation by the field supervisor should deprive them of their votes."); *Brown v. Grzeskowiak*, 230 Ind. 110, 147 (1951) ("[I]f because of the failure of the county clerk or any other election official to do his duty, such ballot is not delivered to the inspector of the precinct in time for it to be counted by the precinct election board it will be counted by the court in an election contest proceeding. To hold otherwise would be to open the door for an unscrupulous clerk to hold absent voter's ballots in his office beyond the time when they could be delivered to the precinct voting places and thereby disfranchise voters and control the results of an election.") (internal citations omitted).

## CONCLUSION

For the reasons set forth above, the Cole campaign respectfully requests that the Court (1) declare that Defendants must count the 55 absentee ballots at issue and include the results from those ballots in the certified results for the 2017 general election and (2) order Defendants to count those ballots and include the results from those ballots in their certified results for the 2017 general election (and/or not to certify the results of the election until those ballots are counted and included in the results).

Dated: November 14, 2017

    Respectfully submitted,

By *Amanda R. Callais*
   Marc Erik Elias (*pro hac vice* to be filed)
   Bruce V. Spiva (*pro hac vice* to be filed)
   Amanda R. Callais (VSB No. 85891)
   Perkins Coie, LLP
   700 13th St. N.W., Suite 600
   Washington, D.C. 20005-3960
   Phone: (202) 434-1627
   Fax: (202) 654-9106
   Email: MElias@perkinscoie.com
   Email: BSpiva@perkinscoie.com
   Email: ACallais@perkinscoie.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on November 14, 2017, I filed the foregoing with the Clerk of the Court using the ECF System which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

Date:  November 14, 2017

*Amanda R. Callais*
Amanda R. Callais